Scott D. St. Marie (SS-1109)
Theodore L. Hecht (TH-5497)
Sacks Montgomery, P.C.
800 Third Avenue
New York, New York 10022
(212) 355-4660

Attorneys for Plaintiff -
Federal Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

        Plaintiff,

 - against -

TURNER CONSTRUCTION COMPANY,

        Defendant
-----------------------------------------------------------------X

07 CV 11095

COMPLAINT

ECF Case

   Plaintiff Federal Insurance Company ("Federal"), for its complaint herein, alleges as follows:

   1. Federal is a corporation formed pursuant to the laws of Indiana, and is a citizen of New Jersey, with offices located in Warren, New Jersey.

   2. Turner Construction Company ("Turner") is a corporation formed pursuant to the laws of New York, with its principal place of business located in New York, New York.

### JURISDICTION AND VENUE

   3. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship

between Federal and Turner, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) as it is the judicial district where defendant resides and where a substantial part of the events or omissions which give rise to the claim occurred.

## FACTUAL BACKGROUND

5. Federal files this action, pursuant to 28 U.S.C. § 2201, seeking a declaration declaring the rights and legal relations between Federal and Turner in connection with a surety performance bond, as more fully described below.

6. By written agreement dated August 27, 2004, Turner entered into a contract with the New York City Economic Development Corporation ("EDC") in connection with a marine structures project at the New York Cruise Terminal, located on the Hudson River, approximately at 48th Street, in New York City (the "Project.").

7. By written agreement dated as of April 5, 2006, Turner entered into a subcontract ("the Subcontract") with Pile Foundation Construction, Inc. ("Pile"), pursuant to which Pile undertook to furnish labor and materials ("the Work") on the Project.

8. The Subcontract amount to be paid for Pile's performance was $21,044,180.

9. In connection with the Subcontract, Federal issued a performance bond ("the Performance Bond"), dated April 5, 2006, for the full Subcontract amount. The Performance Bond named Turner as the obligee and Pile as the principal.

10. Pursuant to the Performance Bond, Federal undertook to perform

certain obligations of Pile under the Subcontract in the event that Pile was in default, and had been declared to be in default of the Subcontract, conditioned upon Turner's having performed its obligations under the Subcontract.

11. Pile thereafter undertook performance of the Work.

12. On August 22, 2007, Pile, Turner, and the Project Owner, EDC, signed a written modification ("the Modification") of the terms of the Subcontract.

13. The Modification substantially altered material contractual rights and obligations of Turner and Pile under the Subcontract and substituted new rights and obligations, including but not limited to:

(A) The Modification set strict milestone dates for Pile to perform and complete discrete aspects of the Work, under penalty of default;

(B) The Modification required Pile to perform the Work, worth millions of dollars, without any obligation on the part of Turner to make timely payments in accordance with the terms of the Subcontract;

(C) In addition, in contrast to the Subcontract, the Modification, while requiring Pile to perform the Work, allowed Turner to withhold payment for any of the Work if the Contract was not "registered" by the Comptroller of the City of New York, which registration was contingent upon "(1) resolving to the satisfaction of the Comptroller any issue which may be an impediment to registration, and (2) resolving any issue as may be identified by [the New York City Department of Investigation] and EDC as an impediment to Pile being declared a responsible contractor in connection with the Subcontract;" and

(D) The Modification also provided that if the Contract was not registered with the Comptroller within ten years of the Modification, Pile waived its right to receive any payment for substantial portions of the Work performed prior to the date of the Modification, and for all of the Work performed after the signing of the Modification, releasing Turner and EDC from all further liability.

14. At the time the Modification was signed by Turner, Pile, and EDC, Federal was unaware that the Modification had been entered into. At no time did Federal sign the Modification, or otherwise consent or ratify to its terms and conditions.

15. Federal's obligations under the Performance Bond extend only to the terms of the Subcontract and no further.

16. Turner and Pile's material modification of the Agreement's payment and performance terms, in substitution for the Subcontract's terms, made without Federal's consent, discharged Federal's obligations under the Performance Bond.

17. By letter dated September 14, 2007, Turner notified Pile that Pile was in default for failure to achieve one of the milestone dates agreed to in the Modification. The letter attached a copy of the Modification.

18. Turner's September 14, 2007 letter to Pile was improper because, among other things, the milestone date for which Pile was purportedly being held in default had previously been amended to September 21, 2007, and Turner had failed to make payments to Pile which were due and owing under the Subcontract for work performed.

19. By letter the same day, September 14, 2007, Turner notified Federal that Pile had been declared in default, and demanded that Federal remedy the default pursuant to the Performance Bond.

20. By letter dated September 18, 2007, Turner demanded that Pile submit a letter from the U.S. Attorney for the Eastern District of Virginia, stating that Pile was not the subject of a criminal investigation. Turner threatened to terminate the Subcontract, if the U.S. Attorney's letter was not provided by September 21, 2007.

21. Thereafter, by letter dated September 26, 2007, Turner declared the Subcontract terminated and demanded that Federal perform under the Performance Bond.

22. Federal, by letter dated September 28, 2007, advised Turner that (a) the Modification, which was entered into without Federal's consent, constituted a material modification of the underlying Subcontract obligation which was the subject of the Performance Bond, (b) Turner's September 14, 2007 letter, placing Pile in default for failure to achieve the September 14, 2007 milestone date, was improper because the milestone date in question had been amended to September 21, 2007, and (c) Turner's September 18, 2007 letter was improper because, among other things, it threatened to terminate the Subcontract unless Pile provided a letter, which Pile was not required to, and could not, provide, from the U.S. Attorney for the Eastern District of Virginia.

23. Federal refused to perform under the Performance Bond.

24. As a result of Turner's entering into the Modification with Pile and the EDC, Turner substantially and severely prejudiced and irrevocably harmed Federal's ability to protect its rights and obligations under the Performance Bond.

25. Federal has advised Turner that its termination of the Subcontract was improper and that Federal has no further obligations under the Performance Bond.

## COUNT I

### FEDERAL'S REQUEST FOR A DECLARATION OF FEDERAL'S OBLIGATIONS UNDER THE PERFORMANCE BOND

26. Federal repeats and realleges the allegations in paragraphs 1 through 25 above as if fully set forth at length herein.

27. Federal contends that the Modification was a material modification of the Subcontract and a substitution thereof, and that Federal therefore has been discharged from its obligations under the Performance Bond.

28. Turner contends that Federal's obligations under the Performance Bond have not been discharged.

29. Federal contends that the termination of the Subcontract by Turner was wrongful and constituted a material breach of the Subcontract by Turner.

30. Turner has asserted that the termination was proper and that it has rights against Federal under the Performance Bond.

31. If Federal's obligations under the Performance Bond have been discharged and/or if Turner's termination of the Contract was wrongful, then Federal has no further obligation to Turner under the Performance Bond.

32. If Federal's obligations under the Performance Bond have not been discharged and Turner's termination of the Contract was proper, Federal has certain obligations to Turner under the terms of the Performance Bond.

6

33. There is, therefore, a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning the discharge of Federal's obligations under the Performance Bond, the validity of the termination of the Contract, whether it was made with just and proper cause, and whether Federal otherwise has any continuing liability or obligation to Turner under the Performance Bond.

34. Federal requests that the Court issue a declaration that Federal has been discharged from its obligations under the Performance Bond and, alternatively, if not so discharged, that Turner's termination of the Contract by Turner was improper, and that Federal has no continuing liability or obligations to Turner under the Performance Bond.

WHEREFORE, plaintiff Federal Insurance Company requests that this Court enter a judgment declaring that any and all of Federal Insurance Company's obligations under the Performance Bond have been discharged and Federal Insurance Company has no continuing liability or obligations to defendant Turner Construction Company under the Performance Bond, together with such other and further relief as is just and proper, and an award of costs.

Dated: New York, New York
December 7, 2007

SACKS MONTGOMERY, P.C.

By: _____
Scott D. St. Marie (SS-1109)
Theodore L. Hecht (TH-5497)
Attorneys for Plaintiff
  Federal Insurance Company
800 Third Avenue
New York, NY 10022
(212) 355-4660