

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Room 3-122
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Todd A. Krichmar
Assistant Corporation Counsel
(212) 676-0750
Fax (212) 788-8871
tkrichma@law.nyc.gov

May 6, 2008

**VIA ECF**
Hon. John F. Keenan
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1930
New York, New York  10007

Re:    **Federal Insurance Co. v. Turner Construction Co.**
United States District Court, S.D.N.Y.
Case No. 07-CV-11095 (JFK)(THK)

Dear Judge Keenan:

Please accept this letter in support of the application by the New York City Economic Development Corporation ("EDC") to be: (1) substituted, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure ("FRCP"), as the defendant and counter-claimant in the above action; and (2) permitted, pursuant to Rule 15(a) of the FRCP, to file an amended answer reflecting this substitution.

EDC requests this relief as the result of the existing defendant, Turner Construction Company ("Turner"), having assigned to EDC its right and interest under the performance bond that is the subject of this action. I have consulted with the respective attorneys for the plaintiff, Federal Insurance Company ("Federal") and for Turner. While Turner consents to the requested relief, Federal does not.

**Factual Background**

This diversity action arises from a sub-contractor's default in connection with a major construction project undertaken by EDC at the New York Cruise Terminal on the west side of Manhattan.

In August 2004, EDC hired Turner as the construction manager for the project, and Turner in turn entered into a sub-contract with Pile Foundation Construction Co., Inc. ("Pile") for certain marine structures work. In April 2006, Federal, as surety, issued to Pile, as principal, a performance bond (the "Bond") under which Federal guaranteed to Turner, as obligee, Pile's performance under the sub-contract.

As a result of Pile's default, in September 2007, Turner terminated the sub-contract, and, in October 2007, demanded that, in accordance with the Bond, Federal remedy the default or complete the work under the sub-contract. After Federal refused Turner's demands, Turner engaged a completion sub-contractor, the cost of which will be borne by the EDC.

On December 7, 2007, Federal commenced this action, seeking a judgment declaring that it has no obligations under the Bond. (A copy of Federal's complaint is annexed as Exhibit 1). On February 14, 2008, Turner filed an answer asserting defenses and counterclaims for a declaration that Federal is obligated under the Bond, and for resulting damages. (A copy of Turner's answer is annexed as Exhibit 2).

On March 17, 2008, the Court conducted a case management conference with the parties' respective counsel. I appeared at that conference on behalf of EDC, and advised that, upon being assigned Turner's rights under the Bond, EDC would seek to be substituted as defendant in this action pursuant to Rule 25(c), and leave to file an amended answer. No objection to the contemplated substitution and amendment was raised at the conference. At the close of the conference, the Court issued a scheduling order (the "Scheduling Order") setting July 1, 2008 as the deadline for joinder of any additional parties and amendment of any pleadings. (Annexed as Exhibit 3 is a copy of the Scheduling Order).

In an instrument executed on April 17 and 24, 2008 (the "Assignment"), Turner assigned to EDC all of its rights, remedies and interest in the Bond. (Annexed as Exhibit 4 is a copy of the Assignment).

Upon information and belief, no discovery demands have been served, or documents exchanged in this action, and discovery is scheduled to continue through April 2, 2009. See Exhibit 3.

On May 1, 2008, this office circulated to counsel a proposed stipulation under which EDC would replace Turner as defendant in this action and be permitted to file the proposed Amended Answer and Counterclaims dated May 1, 2008 annexed as Exhibit 5. On May 5, 2008, Federal's counsel advised this office that his client would not consent.

## Turner's Assignment Of The Bond To EDC Is A Transfer Of Interest Warranting EDC Being Substituted As The Defendant In This Action

Rule 25(c) of the FRCP provides that:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

The primary consideration for whether to grant a motion under Rule 25(c) is whether the substitution will simplify or expedite the litigation. See, e.g., Travelers Insurance Co. v. Broadway West Street Associates, 164 F.R.D. 154, 164 (S.D.N.Y. 1995).

2

Here, by virtue of the Assignment, EDC has succeeded to Turner's rights under the Bond. As a result, this action will be simplified and expedited by having EDC, as the real party in interest, litigate this action.

Accordingly, EDC respectfully requests that, pursuant to Rule 25(c) of the FRCP, it be substituted as the defendant and counter-claimant in this action, and that the caption be amended as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FEDERAL INSURANCE COMPANY,

                                        Plaintiff,
                                                        Case No.
            -against-                                   07-CV-11095(JFK)(THK)

NEW YORK CITY ECONOMIC DEVELOPMENT
CORPORATION, as Assignee of Turner Construction
Company,

                                        Defendant.

------------------------------------------------------------------------ x

### EDC, As Substituted Defendant, Should Be Permitted To File An Amended Answer

Under Rule 15(a) of the FRCP, leave to amend a pleading should be freely given when justice so requires, particularly where the motion is made prior to the deadline for the amendment of pleadings set forth in a scheduling order. See, e.g., Rachman Bag Company, Inc. v. Liberty Mutual Insurance Co., 46 F.3d 230, 234 (2d Dept. 1995); Estate of Ratcliffe v. Pradera Realty Co., 2007 U.S. Dist. LEXIS 7807, *4 (S.D.N.Y. 2007)(Keenan, J.). Further, a motion to amend should be denied "only for good reasons, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Estate of Ratcliffe, supra at *12 (quoting Foman v. Davis, 371 U.S. 178, 182 [1962]).

Under the above standard, amendment is amply warranted here. EDC was assigned Turner's rights under the Bond only as of April 24, 2008 (see Exhibit 4), and acted promptly thereafter to seek the relief sought in this motion, first by seeking consent of the parties, and now by this letter application. Further, this motion is timely under the Scheduling Order, under which the deadline for joinder of any additional parties and the amendment of any pleadings is not until July 1, 2008. See Exhibit 3.

On information and belief, particularly as discovery in this action has not yet commenced, the proposed substitution and amendment would not unduly prejudice Federal.

## **Conclusion**

Accordingly, EDC respectfully requests that the Court grant its motion in all respects.

Thank you for your consideration in this matter.

Respectfully submitted,

Todd A. Krichmar (TK 0524)

Attachments
cc:     Theodore L. Hecht, Esq. (Via E-Mail)
        Howard M. Rosen, Esq. (Via E-Mail)

4

Scott D. St. Marie (SS-1109)
Theodore L. Hecht (TH-5497)
Sacks Montgomery, P.C.
800 Third Avenue
New York, New York 10022
(212) 355-4660

Attorneys for Plaintiff -
Federal Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FEDERAL INSURANCE COMPANY,

                                            Plaintiff,

                    - against -

TURNER CONSTRUCTION COMPANY,

                                            Defendant

-------------------------------------------------------------------X

**JUDGE KEENAN**

**07 CV 11095**

Case No.

COMPLAINT

RECEIVED
DEC 07 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Federal Insurance Company ("Federal"), for its complaint herein, alleges as follows:

1.      Federal is a corporation formed pursuant to the laws of Indiana, and is a citizen of New Jersey, with offices located in Warren, New Jersey.

2.      Turner Construction Company ("Turner") is a corporation formed pursuant to the laws of New York, with its principal place of business located in New York, New York.

JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship

between Federal and Turner, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

      4.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) as it is the judicial district where defendant resides and where a substantial part of the events or omissions which give rise to the claim occurred.

## FACTUAL BACKGROUND

      5.    Federal files this action, pursuant to 28 U.S.C. § 2201, seeking a declaration declaring the rights and legal relations between Federal and Turner in connection with a surety performance bond, as more fully described below.

      6.    By written agreement dated August 27, 2004, Turner entered into a contract with the New York City Economic Development Corporation ("EDC") in connection with a marine structures project at the New York Cruise Terminal, located on the Hudson River, approximately at 48th Street, in New York City (the "Project.").

      7.    By written agreement dated as of April 5, 2006, Turner entered into a subcontract ("the Subcontract") with Pile Foundation Construction, Inc. ("Pile"), pursuant to which Pile undertook to furnish labor and materials ("the Work") on the Project.

      8.    The Subcontract amount to be paid for Pile's performance was $21,044,180.

      9.    In connection with the Subcontract, Federal issued a performance bond ("the Performance Bond"), dated April 5, 2006, for the full Subcontract amount. The Performance Bond named Turner as the obligee and Pile as the principal.

      10.    Pursuant to the Performance Bond, Federal undertook to perform

certain obligations of Pile under the Subcontract in the event that Pile was in default, and had been declared to be in default of the Subcontract, conditioned upon Turner's having performed its obligations under the Subcontract.

11.     Pile thereafter undertook performance of the Work.

12.     On August 22, 2007, Pile, Turner, and the Project Owner, EDC, signed a written modification ("the Modification") of the terms of the Subcontract.

13.     The Modification substantially altered material contractual rights and obligations of Turner and Pile under the Subcontract and substituted new rights and obligations, including but not limited to:

(A)     The Modification set strict milestone dates for Pile to perform and complete discrete aspects of the Work, under penalty of default;

(B)     The Modification required Pile to perform the Work, worth millions of dollars, without any obligation on the part of Turner to make timely payments in accordance with the terms of the Subcontract;

(C)     In addition, in contrast to the Subcontract, the Modification, while requiring Pile to perform the Work, allowed Turner to withhold payment for any of the Work if the Contract was not "registered" by the Comptroller of the City of New York, which registration was contingent upon "(1) resolving to the satisfaction of the Comptroller any issue which may be an impediment to registration, and (2) resolving any issue as may be identified by [the New York City Department of Investigation] and EDC as an impediment to Pile being declared a responsible contractor in connection with the Subcontract;" and

3

(D)    The Modification also provided that if the Contract was not registered with the Comptroller within ten years of the Modification, Pile waived its right to receive any payment for substantial portions of the Work performed prior to the date of the Modification, and for all of the Work performed after the signing of the Modification, releasing Turner and EDC from all further liability.

14.    At the time the Modification was signed by Turner, Pile, and EDC, Federal was unaware that the Modification had been entered into. At no time did Federal sign the Modification, or otherwise consent or ratify to its terms and conditions.

15.    Federal's obligations under the Performance Bond extend only to the terms of the Subcontract and no further.

16.    Turner and Pile's material modification of the Agreement's payment and performance terms, in substitution for the Subcontract's terms, made without Federal's consent, discharged Federal's obligations under the Performance Bond.

17.    By letter dated September 14, 2007, Turner notified Pile that Pile was in default for failure to achieve one of the milestone dates agreed to in the Modification. The letter attached a copy of the Modification.

18.    Turner's September 14, 2007 letter to Pile was improper because, among other things, the milestone date for which Pile was purportedly being held in default had previously been amended to September 21, 2007, and Turner had failed to make payments to Pile which were due and owing under the Subcontract for work performed.

4

19.    By letter the same day, September 14, 2007, Turner notified Federal that Pile had been declared in default, and demanded that Federal remedy the default pursuant to the Performance Bond.

20.    By letter dated September 18, 2007, Turner demanded that Pile submit a letter from the U.S. Attorney for the Eastern District of Virginia, stating that Pile was not the subject of a criminal investigation. Turner threatened to terminate the Subcontract, if the U.S. Attorney's letter was not provided by September 21, 2007.

21.    Thereafter, by letter dated September 26, 2007, Turner declared the Subcontract terminated and demanded that Federal perform under the Performance Bond.

22.    Federal, by letter dated September 28, 2007, advised Turner that (a) the Modification, which was entered into without Federal's consent, constituted a material modification of the underlying Subcontract obligation which was the subject of the Performance Bond, (b) Turner's September 14, 2007 letter, placing Pile in default for failure to achieve the September 14, 2007 milestone date, was improper because the milestone date in question had been amended to September 21, 2007, and (c) Turner's September 18, 2007 letter was improper because, among other things, it threatened to terminate the Subcontract unless Pile provided a letter, which Pile was not required to, and could not, provide, from the U.S. Attorney for the Eastern District of Virginia.

23.    Federal refused to perform under the Performance Bond.

24.    As a result of Turner's entering into the Modification with Pile and the EDC, Turner substantially and severely prejudiced and irrevocably harmed Federal's ability to protect its rights and obligations under the Performance Bond.

5

25.     Federal has advised Turner that its termination of the Subcontract was improper and that Federal has no further obligations under the Performance Bond.

## COUNT I

## FEDERAL'S REQUEST FOR A DECLARATION OF
## FEDERAL'S OBLIGATIONS UNDER THE PERFORMANCE BOND

26.     Federal repeats and realleges the allegations in paragraphs 1 through 25 above as if fully set forth at length herein.

27.     Federal contends that the Modification was a material modification of the Subcontract and a substitution thereof, and that Federal therefore has been discharged from its obligations under the Performance Bond.

28.     Turner contends that Federal's obligations under the Performance Bond have not been discharged.

29.     Federal contends that the termination of the Subcontract by Turner was wrongful and constituted a material breach of the Subcontract by Turner.

30.     Turner has asserted that the termination was proper and that it has rights against Federal under the Performance Bond.

31.     If Federal's obligations under the Performance Bond have been discharged and/or if Turner's termination of the Contract was wrongful, then Federal has no further obligation to Turner under the Performance Bond.

32.     If Federal's obligations under the Performance Bond have not been discharged and Turner's termination of the Contract was proper, Federal has certain obligations to Turner under the terms of the Performance Bond.

6

33.    There is, therefore, a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning the discharge of Federal's obligations under the Performance Bond, the validity of the termination of the Contract, whether it was made with just and proper cause, and whether Federal otherwise has any continuing liability or obligation to Turner under the Performance Bond.

34.    Federal requests that the Court issue a declaration that Federal has been discharged from its obligations under the Performance Bond and, alternatively, if not so discharged, that Turner's termination of the Contract by Turner was improper, and that Federal has no continuing liability or obligations to Turner under the Performance Bond.

WHEREFORE, plaintiff Federal Insurance Company requests that this Court enter a judgment declaring that any and all of Federal Insurance Company's obligations under the Performance Bond have been discharged and Federal Insurance Company has no continuing liability or obligations to defendant Turner Construction Company under the Performance Bond, together with such other and further relief as is just and proper, and an award of costs.

Dated:    New York, New York
          December 7, 2007

                                    SACKS MONTGOMERY, P.C.

                          By: _____
                                    Scott D. St. Marie (SS-1109)
                                    Theodore L. Hecht (TH-5497)
                                    Attorneys for Plaintiff
                                       Federal Insurance Company
                                    800 Third Avenue
                                    New York, NY 10022
                                    (212) 355-4660

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 07-CV-11095 (JFK)(THK) |
| | ) | |
| -against- | ) | |
| | ) | ECF Case |
| TURNER CONSTRUCTION COMPANY, | ) | |
| | ) | Defendant Demands |
| Defendant. | ) | Trial by Jury |
| | ) | |

## ANSWER WITH COUNTERCLAIMS

Defendant, TURNER CONSTRUCTION COMPANY ("Turner"), by its attorneys, Peckar & Abramson, P.C., as and for its Answer to the Complaint of FEDERAL INSURANCE COMPANY ("Federal"), dated December 7, 2007 (the "Complaint"), states as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.     Admits the allegations contained in Paragraph 2 of the Complaint.

3.     Admits the allegations contained in Paragraph 3 of the Complaint.

4.     Admits the allegations contained in Paragraph 4 of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.     Admits Turner entered into a written agreement with non-party New York City Economic Development Corporation ("EDC"), dated as of August 27, 2004 (the

"Consulting Agreement") in connection with a marine structures project at the New York Cruise Terminal (the "Project"), and refers directly to the Consulting Agreement for its true terms and conditions and incorporates same herein by reference.

7.    Admits that, in connection with the Project, Turner entered into a written agreement with Pile Foundation Construction, Inc. ("Pile"), dated as of April 5, 2006 (the "Subcontract"), and refers directly to the Subcontract for its true terms and conditions and incorporates same herein by reference.

8.    Admits the Subcontract was originally valued at $21,044,180.

9.    Admits that Federal issued a performance bond, dated April 5, 2006 (the "Bond") in connection with the Subcontract and refers directly to the Bond for its true terms and conditions and incorporates same herein by reference.

10.    Admits that, upon a declared default of Pile, the Bond, among other things, obligated Federal to promptly remedy the default of Pile or promptly complete the Subcontract, and refers directly to the Bond for its true terms and conditions.

11.    Admits that Pile undertook performance of its Sub-contractual obligations before defaulting.

12.    Admits that Pile, Turner and EDC entered into a written confirmation of understanding, dated August 22, 2007 (the "Confirmation") and refers directly to the Confirmation for its true terms and conditions and incorporates same herein by reference.

13.    Denies the allegations contained in Paragraph 13 of the Complaint and refers directly to the Confirmation for its true terms and conditions.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, except admits that Federal did not sign the Confirmation.

15.    Denies the allegations contained in Paragraph 15 of the Complaint.

16.    Denies the allegations contained in Paragraph 16 of the Complaint.

17.    Denies the allegations contained in Paragraph 17 of the Complaint, except admits that Turner sent a letter dated September 14, 2007 (the "September 14th Letter") to Pile and Federal giving notice of Pile's default, and refers directly to the September 14th Letter for its true terms and meaning and incorporates same herein by reference.

18.    Denies the allegations contained in Paragraph 18 of the Complaint.

19.    Admits the allegations contained in Paragraph 19 of the Complaint.

20.    Denies the allegations contained in Paragraph 20 of the Complaint, except admits that Turner sent a letter to Pile and Federal dated September 18, 2007 (the "September 18th Letter") and refers directly to the September 18th Letter for its true terms and meaning and incorporates same herein by reference.

21.    Admits the allegations contained in Paragraph 21 of the Complaint and refers directly to the September 26th Letter for its true terms and meaning and incorporates same herein by reference.

22.    Denies the allegations contained in Paragraph 22 of the Complaint, except admits that Federal sent a letter to Turner dated September 28, 2007 (the "September 28th Letter") and refers directly to the September 28th Letter for its true terms and meaning and incorporates same herein by reference.

23.    Admits that Federal failed and refused to perform its obligations under the Bond.

24.    Denies the allegations contained in Paragraph 24 of the Complaint.

25.    Admits that Federal failed and refused to perform its obligations under the Bond.

## AS AND FOR A RESPONSE TO THE FIRST COUNT

26.    Turner repeats and realleges each and every response set forth in Paragraphs 1 through 25 above as through set forth at length herein.

27.    To the extent the allegations contained in Paragraph 27 of the Complaint require a responsive pleading, they are denied.

28.    Admits the allegations contained in Paragraph 28 of the Complaint.

29.    To the extent the allegations contained in Paragraph 29 of the Complaint require a responsive pleading, they are denied.

30.    Admits the allegations contained in Paragraph 30 of the Complaint.

31.    Paragraph 31 of the Complaint states a legal conclusion that does not require a responsive pleading.

32.    Paragraph 32 of the Complaint states a legal conclusion that does not require a responsive pleading.

33.    Paragraph 33 of the Complaint states a legal conclusion that does not require a responsive pleading.

34.    Denies the allegations contained in Paragraph 34 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.     Pursuant to the express terms of the Bond, Federal waived the right to notice of modification of the Subcontract.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.     Federal is barred from the relief sought in the Complaint by the doctrines of waiver and/or estoppel.

## AS AND FOR A FIRST COUNTERCLAIM

37.     At all times relevant hereto, Defendant Turner was and still is a New York corporation with its principal place of business at 375 Hudson Street, New York, New York.

38.     Upon information and belief, at all times relevant hereto, Plaintiff Federal Insurance Company ("Federal") was and is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, New Jersey.

39.     Upon information and belief, Federal is authorized to engage in suretyship and underwriting activities in the State of New York.

40.     The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §1332(a)(1) based upon the diversity of citizenship of the parties and the amount in controversy.

41.     By written agreement dated as of August 27, 2004 (the "Consulting Agreement"), Turner entered into contract with non-party New York City Economic Development Corporation ("EDC") calling for the provision of construction management and consulting services in connection with the renovation of certain marine structures at the New York Cruise Terminal (the "Project").

42.    In furtherance of the Consulting Agreement and Project, Turner entered into a subcontract dated as of April 5, 2006 (the "Subcontract"), with non-party Pile Foundation Construction Co., Inc. ("Pile"), pursuant to which Pile agreed to perform certain construction and renovation work at the Project.

43.    In connection with the Subcontract, Federal issued a performance bond, denominated bond number 8204-40-66 and dated April 5, 2006 (the "Bond"), which Bond guaranteed to Turner that Pile would faithfully perform the work required under its Subcontract.

44.    The Bond contains an express provision whereby the surety (i.e., Federal) waives all notice requirements with respect to alterations and time extensions in connection with the Subcontract.

45.    Turner duly performed all obligations under the Subcontract on its part to be performed; however Pile breached the Subcontract by failing to provide sufficient manpower, materials and equipment, failing to diligently prosecute the work, failing to achieve the substantial completion dates set forth in the Subcontract, failing to achieve completion by the milestone dates set forth in a memorandum of understanding between Pile, Turner, Federal and EDC dated April 3, 2007, failing to achieve the milestone dates set forth in the Confirmation, and failing to pay its subcontractors and suppliers amounts it received from Turner for work performed and materials supplied by those subcontractors and suppliers, despite Pile's attestation that such sums had been properly paid.

46.    In accordance with the terms of the Bond, Federal was promptly notified of Pile's defaults under the Subcontract.

47.    As a consequence of Pile's failure to cure its defaults and breaches, Pile's employment under the Subcontract was terminated by letter dated September 26, 2007.

48.    Turner subsequently and repeatedly demanded that Federal fulfill its obligations under the Bond by remedying Pile's default and/or completing Pile's scope of work under the Subcontract.

49.    Turner has fully complied with all conditions and obligations imposed by the Bond.

50.    Federal has failed and refused to perform its obligations under the Bond, claiming that its obligations thereunder have been discharged by virtue of certain modifications to the Subcontract or, alternatively, that Turner's termination of the Subcontract was improper.

51.    Turner requests this Court issue a declaration that Federal's obligations under the Bond have not been discharged, that Turner's termination of Pile's Subcontract was proper, and that Federal is liable to Turner for all costs incurred as a consequence of Pile's default and Federal's failure to perform.

## AS AND FOR A SECOND COUNTERCLAIM

52.    Turner repeats and realleges each and every response and allegation set forth in Paragraphs 1 through 51 above as through set forth at length herein.

53.    Federal's failure to perform its obligations under the Bond has damaged Turner inasmuch as, among other things, Turner was forced to re-procure the scope of work under Pile's Subcontract at a cost significantly exceeding the Subcontract balance.

54.     As a result of the foregoing, Turner has been damaged in an amount to be proven at trial, but in no event less than 6,000,000 plus interest, and is entitled to judgment against Federal therefor.

**WHEREFORE,** Turner Construction Company, demands judgment as follows:

(i)     dismissing the Complaint in its entirety;

(ii)    on the First Counterclaim against Federal, a declaration that Federal's obligations under the Bond remain in full force and effect, and that Federal is liable under the Bond for the costs incurred and damages suffered as a consequence of Pile's default and Federal's failure to perform;

(iii)   on the Second Counterclaim against Federal, an award of damages in an amount to be proven at trial, but not less than 6,000,000, plus interest thereon;

(iv)    an award of costs and disbursements in this action; and

(v)     for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       February 14, 2008


                          PECKAR & ABRAMSON, P.C.


                          By: _____
                              Howard M. Rosen (HR-9443)
                              David Fultz (DF-7233)
                          *Attorneys for Defendant*
                              Turner Construction Company
                          41 Madison Avenue, 20th Floor
                          New York, New York 10010
                          (212) 382-0909

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
Federal Insurance Co.            :
                                 :
        v.                       :                    ORDER
                                 :          07 Civ. 11095 (JFK)
Turner Construction Co.          :
                                 :
----------------------------------X

JOHN F. KEENAN, United States District Judge:

        The following operative dates are hereby set as a part of the
Court's case management plan:

Any additional joinder of parties by _July 1, 2008_____.

Any amendment of the pleadings by _July 1, 2008_____.

Plaintiff(s) will provide expert report(s), if any, to
Defendant(s) by _____

Defendant(s) will provide expert report(s), if any, to
Plaintiff(s) by _____

Replies to any expert reports by _____

Discovery to be complete by _April 2, 2009_____

Next conference will be held on _April 7, 2009 · 10 AM___

Discovery supervision will be referred to Magistrate Judge
_Katz_____.


SO ORDERED. _March 17, 2008_

Dated: New York, New York
                                    _John F. Keenan_____
                                         JOHN F. KEENAN
                                    United States District Judge

## ASSIGNMENT

This Agreement of Assignment and Acceptance (the "Assignment"), made as of April 17, 2008, by and between the New York City Economic Development Corporation (the "EDC") and Turner Construction Company ("Turner"),

WITNESS:

WHEREAS EDC and Turner entered into an agreement under date of August 27, 2004 (the "Consulting Agreement"), whereby Turner agreed to perform construction management services for EDC in connection with the construction of the New York Cruise Terminal, located at Piers 88 and 90, at West 47th to West 53rd Streets in Manhattan, and at the Brooklyn Cruise Terminal, located at Pier 12, in Red Hook, Brooklyn (collectively, the "Project"); and

WHEREAS Turner and Pile Foundation Construction Company, Inc. ("Pile" or the "Subcontractor") entered into a subcontract under date of April 5, 2006 (the "Subcontract"), whereby Pile agreed to perform all labor and furnish all materials necessary to perform the marine structures work at the New York Cruise Terminal Project in accordance with the Project's architects and engineers and the terms and conditions of the Consulting Agreement; and

WHEREAS the Federal Insurance Company ("Federal"), as surety, issued to Pile, as principal, a performance bond dated April 5, 2006 and designated as Bond No. 8204-40-66 (the "Performance Bond"), a true copy of which is annexed hereto as Exhibit A and incorporated by reference herein, whereby Federal guaranteed to Turner, as obligee, the performance of Pile under the Subcontract for the Project; and

WHEREAS Pile, as obligor, delivered the Performance Bond to Turner, as obligee; and

WHEREAS, subsequent to the commencement of the work under the Subcontract, Pile failed to provide sufficient manpower, materials and equipment to prosecute the work diligently, failed to achieve substantial completion of its work by the completion date set in the Subcontract, failed to achieve completion by the milestones established in a memorandum of understanding between Pile, Turner, Federal and EDC dated April 3, 2007 and again failed to achieve the milestones established in a memorandum of understanding between Pile, Turner, Federal and EDC dated August 22, 2007; and

WHEREAS Turner issued to Pile notices of default dated September 14, 2007 and September 18, 2007; and

WHEREAS Pile failed to remedy the defaults set forth in the notices of default; and

WHEREAS Turner provided to Pile, by letter dated September 26, 2007, notification of the termination of the Subcontract; and

WHEREAS, by letters dated October 8, 2007 and October 29, 2007, Turner demanded that Federal remedy Pile's default or complete the work of the Subcontract, but Federal failed and refused to honor its obligations under the Performance Bond; and

WHEREAS Turner thereafter engaged a completion sub-contractor to complete the work required under the Subcontract following the failure of Pile and Federal to do so; and

WHEREAS, as a result of engaging said completion sub-contractor, Turner incurred additional costs and damages which have been or will be reimbursed to Turner by EDC; and

WHEREAS, by summons and complaint dated and filed on December 7, 2007, Federal commenced an action against Turner in the United States District Court, Southern District of New York (the "Court"), Federal Insurance Company v. Turner Construction Company, Case No. 07-CV-11095-JFK (the "Action"), seeking a judgment declaring that, *inter alia*, any and all of Federal's obligations under the Performance Bond have been discharged and that Federal has no continuing liability or obligation to Turner under the Performance Bond; and

WHEREAS Turner, by its attorneys, Peckar & Abramson, P.C., served and filed in the Action an answer dated February 14, 2008, in which it asserted affirmative defenses, and interposed counterclaims for: (i) a declaration that, *inter alia*, Federal is liable to Turner under the Performance Bond for Pile's default and Federal's failure to perform; and (ii) damages arising from said default and failure in an amount to be proven at trial which may exceed $6,000.000.00; and

WHEREAS EDC has agreed to pay to Turner additional costs and damages resulting from Pile's default under the Subcontract and Federal's disclaimer of liability under the Performance Bond; and

WHEREAS, in consideration for the assumption of said costs and damages by EDC, Turner agrees to assign to EDC all of its rights as the obligee under the Performance Bond.

NOW, THEREFORE, in consideration of the mutual conveyances set forth herein, and for other good and valuable consideration, the parties agree as follows:

1.     Turner assigns to EDC all of Turner's rights, remedies and interest in the Performance Bond, and any cause(s) of action and/or chose(s) in action against Federal and/or

3

against Pile on connection with the Performance Bond, the Subcontract and/or the Project, including but not limited to the right to settle, compromise, reassign or otherwise dispose of such cause(s) of action and/or chose(s) in action, and to give a release in EDC's name in full discharge of any liability thereunder to or against EDC.

       2.     EDC accepts the assignment set forth above.

       3.     EDC and Turner shall promptly execute all documents necessary to effectuate the substitution of Turner by EDC, as Turner's assignee, as the defendant in the Action, including, if necessary, a motion pursuant to Rule 25 of the Federal Rules of Civil Procedure and to amend the caption of the Action to reflect this substitution.

       4.     Consistent with said substitution of Turner by EDC as Turner's assignee, EDC and Turner and their respective counsel shall promptly execute all documents necessary to effectuate the appearance in the Action of the Corporation Counsel of the City of New York, or other attorneys of EDC's choosing, as counsel of record for defendant EDC, as Turner's assignee.

       5.     Notwithstanding such substitution of the defendant in the Action, Peckar & Abramson, P.C. agrees to render any further assistance requested by the Corporation Counsel in connection with the Action; and EDC agrees to pay the reasonable counsel fees incurred by Turner in defense of the Action prior to the substitution and for any such further assistance by Peckar & Abramson, P.C. rendered at the request of the Corporation Counsel.

6.      EDC and Turner waive any known conflict of interest regarding the claim and counterclaims asserted in the Action as of the date of this instrument.

IN WITNESS WHEREOF, the parties hereto have set their respective hands and seals the day and year first above written.

NEW YORK CITY ECONOMIC
DEVELOPMENT CORPORATION

BY: Mel. W. Blickman

TURNER CONSTRUCTION COMPANY

BY: Charles F. Murphy

**ACKNOWLEDGMENTS**

STATE OF NEW YORK          )
                                            s.s.:

COUNTY OF NEW YORK  )

On April *17*, 2008, before me came *Charles F. Murphy*_____, to me known, who acknowledged to me that he/she is the *Senior VP (General Manager)* of TURNER CONSTRUCTION COMPANY, and that he/she executed the foregoing ASSIGNMENT in his/her duly authorized corporate capacity.

_Howard M Rosen_____
Notary Public

> HOWARD M. ROSEN
> Notary Public, State of New York
> No. 02RO4649513
> Qualified in Westchester County
> Term Expires January 31, 20 _10_

STATE OF NEW YORK          )
                                            s.s.:

COUNTY OF NEW YORK  )

On April *24*, 2008, before me came *Melun Klickman*_____, to me known, who acknowledged to me that he/she is the *Exec. Vice President* of the NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, and that he/she executed the foregoing ASSIGNMENT in his/her duly authorized corporate capacity.

_David Shelley_____
Notary Public

> DAVID SHELLEY
> Notary Public - State of New York
> No. 01SH6122387
> Qualified in King County
> My Commission Expires February 7, 200 _1_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FEDERAL INSURANCE COMPANY,

                                      Plaintiff,

               -against-

NEW YORK CITY ECONOMIC DEVELOPMENT
CORPORATION, as Assignee of Turner Construction
Company,

                                      Defendant.

------------------------------------------------------------------------ x

**AMENDED ANSWER
AND COUNTERCLAIMS**

Case No.
07-CV-11095(JFK)(THK)

         Defendant, the New York City Economic Development Corporation ("EDC"), as Assignee of Turner Construction Company ("Turner"), by EDC's attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Complaint of Federal Insurance Company ("Federal"), dated December 7, 2007 (the "Complaint"), alleges as follows:

### EDC'S RESPONSE TO THE ALLEGATIONS IN THE COMPLAINT

         1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

         2.      Admits the allegations contained in Paragraph 2 of the Complaint.

         3.      Admits the allegations contained in Paragraph 3 of the Complaint.

         4.      Admits the allegations contained in Paragraph 4 of the Complaint.

         5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

         6.      Admits that Turner entered into a written agreement with EDC, dated as of August 27, 2004 (the "Consulting Agreement") in connection with a marine structures project at

the New York Cruise Terminal (the "Project"), and refers directly to the Consulting Agreement for its true terms and conditions and incorporates same herein by reference.

       7.     Admits that, in connection with the Project, Turner entered into a written agreement with Pile Foundation Construction Company, Inc. ("Pile"), dated as of April 5, 2006 (the "Subcontract"), and refers directly to the Subcontract for its true terms and conditions and incorporates same herein by reference.

       8.     Admits the Subcontract was originally valued at $21,044,180.00.

       9.     Admits that Federal issued a performance bond, dated April 5, 2006 (the "Bond") in connection with the Subcontract and refers directly to the Bond for its true terms and conditions and incorporates same herein by reference.

       10.     Admits that, upon a declared default of Pile, the Bond, among other things, obligated Federal to promptly remedy the default of Pile or promptly complete the Subcontract, and refers directly to the Bond for its true terms and conditions.

       11.     Admits that Pile undertook performance of its Sub-contractual obligations before defaulting.

       12.     Admits that Pile, Turner and EDC entered into a written confirmation of understanding, dated August 22, 2007 (the "Confirmation") and refers directly to the Confirmation for its true terms and conditions and incorporates same herein by reference.

       13.     Denies the allegations contained in Paragraph 13 of the Complaint and refers directly to the Confirmation for its true terms and conditions.

       14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, except admits that Federal did not sign the Confirmation.

15.    Denies the allegations contained in Paragraph 15 of the Complaint.

16.    Denies the allegations contained in Paragraph 16 of the Complaint.

17.    Denies the allegations contained in Paragraph 17 of the Complaint, except admits that Turner sent a letter dated September 14, 2007 (the "September 14th Letter") to Pile and Federal giving notice of Pile's default, and refers directly to the September 14th Letter for its true terms and meaning and incorporates same herein by reference.

18.    Denies the allegations contained in Paragraph 18 of the Complaint.

19.    Admits the allegations contained in Paragraph 19 of the Complaint.

20.    Denies the allegations contained in Paragraph 20 of the Complaint, except admits that Turner sent a letter to Pile and Federal dated September 18, 2007 (the "September 18th Letter") and refers directly to the September 18th Letter for its true terms and meaning and incorporates same herein by reference.

21.    Admits the allegations contained in Paragraph 21 of the Complaint and refers directly to the September 26th Letter for its true terms and meaning and incorporates same herein by reference.

22.    Denies the allegations contained in Paragraph 22 of the Complaint, except admits that Federal sent a letter to Turner dated September 28, 2007 (the "September 28th Letter") and refers directly to the September 28th Letter for its true terms and meaning and incorporates same herein by reference.

23.    Admits that Federal failed and refused to perform its obligations under the Bond.

24.    Denies the allegations contained in Paragraph 24 of the Complaint.

25.    Admits that Federal failed and refused to perform its obligations under the Bond.

## EDC'S RESPONSE TO THE FIRST COUNT

26.   EDC repeats and realleges each and every response set forth in Paragraphs 1 through 25 above as through set forth at length herein.

27.   To the extent the allegations contained in Paragraph 27 of the Complaint require a responsive pleading, they are denied.

28.   Admits the allegations contained in Paragraph 28 of the Complaint, and further alleges that EDC also contends that Federal's obligations under the Performance Bond have not been discharged.

29.   To the extent the allegations contained in Paragraph 29 of the Complaint require a responsive pleading, they are denied.

30.   Admits the allegations contained in Paragraph 30 of the Complaint.

31.   Paragraph 31 of the Complaint states a legal conclusion that does not require a responsive pleading.

32.   Paragraph 32 of the Complaint states a legal conclusion that does not require a responsive pleading.

33.   Paragraph 33 of the Complaint states a legal conclusion that does not require a responsive pleading.

34.   Denies the allegations contained in Paragraph 34 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.   Pursuant to the express terms of the Bond, Federal waived the right to notice of modification of the Subcontract.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.     Federal is barred from the relief sought in the Complaint by the doctrines of waiver and/or estoppel.

## AS AND FOR A FIRST COUNTERCLAIM

37.     At all times relevant hereto, EDC was and still is a New York corporation with its principal place of business at 110 William Street, New York, New York.

38.     Upon information and belief, at all times relevant hereto, Federal was and is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, New Jersey.

39.     Upon information and belief, Federal is authorized to engage in suretyship and underwriting activities in the State of New York.

40.     The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §1332(a)(1) based upon the diversity of citizenship of the parties and the amount in controversy.

41.     By written agreement dated as of August 27, 2004 (the "Consulting Agreement"), Turner entered into a contract with EDC calling for the provision of construction management and consulting services in connection with the renovation of certain marine structures at the New York Cruise Terminal (the "Project").

42.     In furtherance of the Consulting Agreement and Project, Turner entered into a subcontract dated as of April 5, 2006 (the "Subcontract"), with non-party Pile Foundation Construction Co., Inc. ("Pile"), pursuant to which Pile agreed to perform certain construction and renovation work at the Project.

43.    In connection with the Subcontract, Federal issued a performance bond, denominated bond number 8204-40-66 and dated April 5, 2006 (the "Bond"), which Bond guaranteed to Turner that Pile would faithfully perform the work required under its Subcontract.

44.    The Bond contains an express provision whereby the surety (i.e., Federal) waives all notice requirements with respect to alterations and time extensions in connection with the Subcontract.

45.    Turner duly performed all obligations under the Subcontract on its part to be performed; however Pile breached the Subcontract by failing to provide sufficient manpower, materials and equipment, failing to diligently prosecute the work, failing to achieve the substantial completion dates set forth in the Subcontract, failing to achieve completion by the milestone dates set forth in a memorandum of understanding between Pile, Turner, Federal and EDC dated April 3, 2007, failing to achieve the milestone dates set forth in the Confirmation, and failing to pay its subcontractors and suppliers amounts it received from Turner for work performed and materials supplied by those subcontractors and suppliers, despite Pile's attestation that such sums had been properly paid.

46.    In accordance with the terms of the Bond, Federal was promptly notified of Pile's defaults under the Subcontract.

47.    As a consequence of Pile's failure to cure its defaults and breaches, Pile's employment under the Subcontract was terminated by letter dated September 26, 2007.

48.    Turner subsequently and repeatedly demanded that Federal fulfill its obligations under the Bond by remedying Pile's default and/or completing Pile's scope of work under the Subcontract.

49.    In an instrument executed on April 17 and 24, 2008, Turner assigned to EDC all of its rights, remedies and interest in the Bond, and any cause(s) and/or chose(s) in action thereunder.

50.    By virtue of that assignment, EDC has become the real party in interest as obligee under the Bond, and as the defendant and counter-claimant in this action.

51.    Turner and EDC have fully complied with all conditions and obligations imposed by the Bond.

52.    Federal has failed and refused to perform its obligations under the Bond, claiming that its obligations thereunder have been discharged by virtue of certain modifications to the Subcontract or, alternatively, that Turner's termination of the Subcontract was improper.

53.    EDC requests that this Court issue a declaration that Federal's obligations under the Bond have not been discharged, that Turner's termination of Pile's Subcontract was proper, and that Federal is liable to EDC for all costs incurred as a consequence of Pile's default and Federal's failure to perform.

## AS AND FOR A SECOND COUNTERCLAIM

54.    EDC repeats and realleges each and every response and allegation set forth in Paragraphs 1 through 53 above as through set forth at length herein.

55.    Federal's failure to perform its obligations under the Bond has damaged EDC inasmuch as, among other things, Turner, on EDC's behalf and at EDC's expense, was forced to re-procure the scope of work under Pile's Subcontract at a cost significantly exceeding the Subcontract balance.

56.    As a result of the foregoing, EDC has been damaged in an amount to be proven at trial, but in no event less than $6,000,000.00 plus interest, and is entitled to judgment against Federal therefor.

### JURY TRIAL DEMAND

57.    EDC hereby demands a trial by jury in this action.

**WHEREFORE,** EDC demands judgment as follows:

(i)    dismissing the Complaint in its entirety;

(ii)    on the First Counterclaim against Federal, a declaration that Federal's obligations under the Bond remain in full force and effect, and that Federal is liable to EDC under the Bond for the costs incurred and damages suffered as a consequence of Pile's default and Federal's failure to perform;

(iii)    on the Second Counterclaim against Federal and in favor of EDC, an award of damages in an amount to be proven at trial, but not less than $6,000,000.00, plus interest thereon;

(iv)    an award of costs and disbursements in this action; and

(v)    for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 1, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York

By: _____
       Todd A. Krichmar (TK-0524)
Attorneys for Defendant
New York City Economic Development Corporation
100 Church Street, Room 3-122
New York, New York 10007
Tel. (212) 676-0750