UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-CV-11095 (JFK)(THK) |
| -against- | ) ) ) | ECF Case |
| TURNER CONSTRUCTION COMPANY, | ) ) ) | Defendant Demands |
| Defendant. | ) ) | Trial by Jury |

**AMENDED ANSWER TO AMENDED COMPLAINT WITH COUNTERCLAIMS**

Defendant, TURNER CONSTRUCTION COMPANY ("Turner"), by its attorneys, Peckar & Abramson, P.C., as and for its Amended Answer to the Amended Complaint of FEDERAL INSURANCE COMPANY ("Federal"), dated May 7, 2008 (the "Amended Complaint"), states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. Admits the allegations contained in Paragraph 4 of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

6. Admits Turner entered into a written agreement with non-party New York City Economic Development Corporation ("EDC"), dated as of August 27, 2004 (the "Consulting Agreement") in connection with a marine structures project at the New York Cruise Terminal (the "Project"), and refers directly to the Consulting Agreement for its true terms and conditions and incorporates same herein by reference.

7. Admits that, in connection with the Project, Turner entered into a written agreement with Pile Foundation Construction, Inc. ("Pile"), dated as of April 5, 2006 (the "Subcontract"), and refers directly to the Subcontract for its true terms and conditions and incorporates same herein by reference.

8. Admits the Subcontract was originally valued at $21,044,180.

9. Admits that Federal issued a performance bond, dated April 5, 2006 (the "Bond") in connection with the Subcontract and refers directly to the Bond for its true terms and conditions and incorporates same herein by reference.

10. Admits that, upon a declared default of Pile, the Bond, among other things, obligated Federal to promptly remedy the default of Pile or promptly complete the Subcontract, and refers directly to the Bond for its true terms and conditions.

11. Admits that Pile undertook performance of its Sub-contractual obligations before defaulting.

12. Admits that Pile, Turner and EDC entered into a written confirmation of understanding, dated August 22, 2007 (the "Confirmation") and refers directly to the Confirmation for its true terms and conditions and incorporates same herein by reference.

13. Denies the allegations contained in Paragraph 13 of the Amended Complaint and refers directly to the Confirmation for its true terms and conditions.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint, except admits that Federal did not sign the Confirmation.

15. Denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Denies the allegations contained in Paragraph 17 of the Amended Complaint, except admits that Turner sent a letter dated September 14, 2007 (the "September 14th Letter") to Pile and Federal giving notice of Pile's default, and refers directly to the September 14th Letter for its true terms and meaning and incorporates same herein by reference.

18. Denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. Admits the allegations contained in Paragraph 19 of the Amended Complaint.

20. Denies the allegations contained in Paragraph 20 of the Amended Complaint, except admits that Turner sent a letter to Pile and Federal dated September 18, 2007 (the "September 18th Letter") and refers directly to the September 18th Letter for its true terms and meaning and incorporates same herein by reference.

21. Admits the allegations contained in Paragraph 21 of the Amended Complaint and refers directly to the September 26th Letter for its true terms and meaning and incorporates same herein by reference.

22. Denies the allegations contained in Paragraph 22 of the Amended Complaint, except admits that Federal sent a letter to Turner dated September 28, 2007 (the "September 28th Letter") and refers directly to the September 28th Letter for its true terms and meaning and incorporates same herein by reference.

23. Admits that Federal failed and refused to perform its obligations under the Bond.

24. Denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Admits that Federal failed and refused to perform its obligations under the Bond.

## AS AND FOR A RESPONSE TO THE FIRST COUNT

26. Turner repeats and realleges each and every response set forth in Paragraphs 1 through 25 above as through set forth at length herein.

27. To the extent the allegations contained in Paragraph 27 of the Amended Complaint require a responsive pleading, they are denied.

28. Admits the allegations contained in Paragraph 28 of the Amended Complaint.

29. To the extent the allegations contained in Paragraph 29 of the Amended Complaint require a responsive pleading, they are denied.

30. Admits the allegations contained in Paragraph 30 of the Amended Complaint.

31. Paragraph 31 of the Amended Complaint states a legal conclusion that does not require a responsive pleading.

32. Paragraph 32 of the Amended Complaint states a legal conclusion that does not require a responsive pleading.

33. Paragraph 33 of the Amended Complaint states a legal conclusion that does not require a responsive pleading.

34. Denies the allegations contained in Paragraph 34 of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE SECOND COUNT

35. Turner repeats and realleges each and every response set forth in Paragraphs 1 through 34 above as through set forth at length herein.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint.

38. To the extent allegations contained in Paragraph 38 of the Amended Complaint require a responsive pleading, they are denied.

39. Denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Denies the allegations contained in Paragraph 41 of the Amended Complaint.

42. Denies the allegations contained in Paragraph 42 of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE THIRD COUNT

43. Turner repeats and realleges each and every response set forth in Paragraphs 1 through 42 above as through set forth at length herein.

44. Denies allegations contained in Paragraph 44 of the Amended Complaint.

45. Denies allegations contained in Paragraph 45 of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE FOURTH COUNT

46. Turner repeats and realleges each and every response set forth in Paragraphs 1 through 45 above as through set forth at length herein.

47. Denies the allegations contained in Paragraph 47 of the Amended Complaint.

48. Denies the allegations contained in Paragraph 48 of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH COUNT

49. Turner repeats and realleges each and every response set forth in Paragraphs 1 through 48 above as through set forth at length herein.

50. Denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. Denies the allegations contained in Paragraph 53 of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH COUNT

54. Turner repeats and realleges each and every response set forth in Paragraphs 1 through 53 above as through set forth at length herein.

55. Denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. Denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. Denies the allegations contained in Paragraph 57 of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE SEVENTH COUNT

58. Turner repeats and realleges each and every response set forth in Paragraphs 1 through 57 above as through set forth at length herein.

59. Denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. Denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. Denies the allegations contained in Paragraph 61 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62. Pursuant to the express terms of the Bond, Federal waived the right to notice of modification of the Subcontract.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

63. Federal is barred from the relief sought in the Amended Complaint by the doctrines of waiver and/or estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

64. Federal is barred from the relief sought in the Amended Complaint by the breach of contract, defaults, releases, waivers and estoppels of its assignor Pile.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

65. The claims allegedly assigned by Pile to Federal to the extent they seek to recover damages for delays and interferences are barred by the terms of Pile's contract with Turner.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

66. The claims allegedly assigned by Pile to Federal are barred by reason of Pile's failure to give timely notices of claim as required by Pile's contract with Turner.

### AS AND FOR A FIRST COUNTERCLAIM

67. At all times relevant hereto, Defendant Turner was and still is a New York corporation with its principal place of business at 375 Hudson Street, New York, New York.

68. Upon information and belief, at all times relevant hereto, Plaintiff Federal Insurance Company ("Federal") was and is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, New Jersey.

69. Upon information and belief, Federal is authorized to engage in suretyship and underwriting activities in the State of New York.

70. The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §1332(a)(1) based upon the diversity of citizenship of the parties and the amount in controversy.

71. By written agreement dated as of August 27, 2004 (the "Consulting Agreement"), Turner entered into contract with non-party New York City Economic Development Corporation ("EDC") calling for the provision of construction management and consulting services in connection with the renovation of certain marine structures at the New York Cruise Terminal (the "Project").

72. In furtherance of the Consulting Agreement and Project, Turner entered into a subcontract dated as of April 5, 2006 (the "Subcontract"), with non-party Pile Foundation Construction Co., Inc. ("Pile"), pursuant to which Pile agreed to perform certain construction and renovation work at the Project.

73. In connection with the Subcontract, Federal issued a performance bond, denominated bond number 8204-40-66 and dated April 5, 2006 (the "Bond"), which Bond guaranteed to Turner that Pile would faithfully perform the work required under its Subcontract.

74. The Bond contains an express provision whereby the surety (i.e., Federal) waives all notice requirements with respect to alterations and time extensions in connection with the Subcontract.

75. Turner duly performed all obligations under the Subcontract on its part to be performed; however Pile breached the Subcontract by failing to provide sufficient

manpower, materials and equipment, failing to diligently prosecute the work, failing to achieve the substantial completion dates set forth in the Subcontract, failing to achieve completion by the milestone dates set forth in a memorandum of understanding between Pile, Turner, Federal and EDC dated April 3, 2007, failing to achieve the milestone dates set forth in the Confirmation, and failing to pay its subcontractors and suppliers amounts it received from Turner for work performed and materials supplied by those subcontractors and suppliers, despite Pile's attestation that such sums had been properly paid.

76. In accordance with the terms of the Bond, Federal was promptly notified of Pile's defaults under the Subcontract.

77. As a consequence of Pile's failure to cure its defaults and breaches, Pile's employment under the Subcontract was terminated by letter dated September 26, 2007.

78. Turner subsequently and repeatedly demanded that Federal fulfill its obligations under the Bond by remedying Pile's default and/or completing Pile's scope of work under the Subcontract.

79. Turner has fully complied with all conditions and obligations imposed by the Bond.

80. Federal has failed and refused to perform its obligations under the Bond, claiming that its obligations thereunder have been discharged by virtue of certain modifications to the Subcontract or, alternatively, that Turner's termination of the Subcontract was improper.

81. Turner requests this Court issue a declaration that Federal's obligations under the Bond have not been discharged, that Turner's termination of Pile's Subcontract was proper, and that Federal is liable to Turner for all costs incurred as a consequence of Pile's default and Federal's failure to perform.

## AS AND FOR A SECOND COUNTERCLAIM

82. Turner repeats and realleges each and every response and allegation set forth in Paragraphs 1 through 51 above as through set forth at length herein.

83. Federal's failure to perform its obligations under the Bond has damaged Turner inasmuch as, among other things, Turner was forced to re-procure the scope of work under Pile's Subcontract at a cost significantly exceeding the Subcontract balance.

84. As a result of the foregoing, Turner has been damaged in an amount to be proven at trial, but in no event less than 6,000,000 plus interest, and is entitled to judgment against Federal therefor.

**WHEREFORE,** Turner Construction Company, demands judgment as follows:

(i) dismissing the Amended Complaint in its entirety;

(ii) on the First Counterclaim against Federal, a declaration that Federal's obligations under the Bond remain in full force and effect, and that Federal is liable under the Bond for the costs incurred and damages suffered as a consequence of Pile's default and Federal's failure to perform;

(iii) on the Second Counterclaim against Federal, an award of damages in an amount to be proven at trial, but not less than 6,000,000, plus interest thereon;

(iv) an award of costs and disbursements in this action; and

(v)    for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
          June 23, 2008

PECKAR & ABRAMSON, P.C.

By: _____
   Howard M. Rosen (HR-9443)
   David Fultz (DF-7233)
*Attorneys for Defendant*
   Turner Construction Company
41 Madison Avenue, 20th Floor
New York, New York 10010
(212) 382-0909

50030.01        12