UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

FEDERAL INSURANCE COMPANY,

                                               Plaintiff,

                                Case No.
    -against-                  07-CV-11095(JFK)(THK)

TURNER CONSTRUCTION COMPANY,

                                               Defendant.

------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION TO INTERVENE AS A DEFENDANT AND COUNTER-CLAIMANT

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Proposed Intervenor Defendant and Counter-Claimant
New York City Economic Development Corporation
100 Church Street, Room 3-122
New York, New York 10007
Tel. (212) 676-0750

Of Counsel:   Todd A. Krichmar (TK-0524)
                 Assistant Corporation Counsel

## PRELIMINARY STATEMENT

The New York City Economic Development Corporation, in its capacity as assignee of the rights of defendant Turner Construction Company ("Turner") under a performance bond issued by plaintiff Federal Insurance Company ("Federal"), seeks leave to intervene as a defendant and counter-claimant in this action.

As a result of the assignment, EDC seeks to intervene solely with respect to Count I of Federal's amended complaint, which seeks a declaration of Federal's obligations under the bond; and to assert counterclaims for the increased costs to EDC thereunder, for which Federal may be liable to EDC by virtue of the assignment.

## STATEMENT OF FACTS

For the sake of economy, the Court is respectfully referred to the accompanying Declaration of Todd A. Krichmar dated June 24, 2008, and the exhibits annexed thereto, for a discussion of the relevant factual and procedural history of this case.

## ARGUMENT

### EDC SHOULD BE PERMITTED TO INTERVENE AS A DEFENDANT SO IT CAN ADEQUATELY PROTECT ITS RIGHTS UNDER THE BOND

Under Rule 24(a)(2) of the FRCP, the Court must permit anyone to intervene of right in an action who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A movant satisfies its "minimal" burden of demonstrating inadequate misrepresentation under Rule 24(a)(2) by showing merely that the existing parties might not adequately protect the

2

movant's interest in the litigation. See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co., 2005 U.S. Dist. LEXIS 5378, *11 (S.D.N.Y. 2005).

Under Rule 24(b)(1)(B), the Court, in its discretion, may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." When permissive intervention is allowed, there is no need for the Court reach the issue of whether the movant is entitled to intervention as of right. See International Design Concepts LLC v. Saks, Inc., 486 F. Supp.2d 229 (S.D.N.Y. 2007).

Under either rubric, EDC, as Turner's assignee under the Bond (see Exhibits 1 and 3), should be permitted to intervene with respect to Count I of Federal's Amended Complaint (see Exhibit 4), which seeks a declaration of its obligations under the Bond. At stake to EDC is its ability to safeguard its entitlement to recoup from Federal the costs EDC incurred as a result of the necessity to procure a replacement sub-contractor following Pile's default, and other damages under the Bond. EDC, as assignee, clearly is the real party in interest with respect to enforcement of the Bond, while Turner lacks as great an incentive to incur the expense of litigating EDC's rights under the Bond.

In any event, Federal's cause of action for a declaratory judgment, and EDC's proposed counterclaims, also seeking such a declaration as well as damages in connection with the Bond, share common questions of law and/or fact warranting EDC's permissive intervention under Rule 24(b)(1)(B). See Exhibits 4 and 5.

Further, EDC's instant motion is timely, since it is made prior to the Court's deadline of July 1, 2008 for the joinder of additional parties (see Exhibit 2), and, upon information and belief, prior to the exchange of discovery materials.

## CONCLUSION

WHEREFORE, EDC respectfully requests that: it be permitted to intervene as a defendant and counter-claimant in this action and file the proposed Answer and Counterclaims of Intervenor Defendant annexed as Exhibit 5, that the caption of this action be amended accordingly to reflect EDC's intervention, and the Court grant to EDC such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 24, 2008

                                  Respectfully submitted,

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York

                                  By: Todd A. Krichmar (TK-0524)
                                  Attorney for Proposed Intervenor
                                  Defendant and Counter-Claimant
                                  New York City Economic Development
                                  Corporation
                                  100 Church Street, Room 3-122
                                  New York, New York 10007
                                  Tel. (212) 676-0750