Scott D. St. Marie (SS-1109)
Theodore L. Hecht (TH-5497)
Cynthia A. Murray (CM-5900)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, 31st Floor
New York, New York 10005
Tel. No.: (212) 973-8000
Fax No.: (212) 972-8798
E-mail: sst.marie@schnader.com
E-mail: thecht@schnader.com
E-mail: cmurray@schnader.com

Attorneys for Plaintiff - Federal Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

FEDERAL INSURANCE COMPANY,

                Plaintiff,                07-CV-11095 (JFK) (THK)

                                                REPLY TO
  - against -                                   AMENDED ANSWER

TURNER CONSTRUCTION COMPANY,         ECF CASE

                Defendant.
-----------------------------------------------------------X

        Plaintiff, Federal Insurance Company ("Federal"), by its attorneys, Schnader Harrison Segal & Lewis LLP, as and for its reply to the counterclaims of defendant, Turner Construction Company ("Turner") contained in Turner's Amended Answer to Amended Complaint with Counterclaims dated June 23, 2008, alleges as follows:

        1.     Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph 67.

2. Admits the allegations set forth in paragraph 68.

3. Admits the allegations set forth in paragraph 69.

4. Paragraph 70 alleges a conclusion of law to which a no response is required and which issue is referable to the Court, but to the extent that the paragraph alleges facts concerning citizenship, upon information and belief, believes the allegations to be true.

5. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 71, but asserts, upon information and belief, that a written agreement was entered into between Turner and non-party New York City Economic Development Corporation ("EDC"), and refers to the agreement for its date, terms, conditions, and contents.

6. Denies the allegations in paragraph 72, except admits that a Subcontract was entered into and refers to the Subcontract for its terms, conditions, and content.

7. Denies the allegations in paragraph 73, but admits a performance bond was issued and refers to the Bond for its terms, conditions, and contents.

8. Denies the allegations in paragraph 74.

9. Denies the allegations in paragraph 75.

10. Denies the allegations in paragraph 76.

11. Denies the allegations in paragraph 77.

12. Denies the allegations in paragraph 78.

13. Denies the allegations in paragraph 79.

14. Denies the allegations in paragraph 80, except admits that Federal's obligations under the Bond have been discharged and that Turner's termination of the Subcontract was improper.

15. Paragraph 81 asserts a conclusion of law to which a response is not required, but to the extent that it makes factual allegations, denies the allegations.

16. In response to paragraph 82, Federal repeats its responses to paragraphs 67 through 81 with the same force and effect as if set forth at length.

17. Denies the allegations in paragraph 83.

18. Denies the allegations in paragraph 84.

## A FIRST DEFENSE

19. Turner fails to state a claim upon which relief could be granted.

## A SECOND DEFENSE

20. Turner, by its actions and failures to act, has discharged Federal, in whole or in part, from any obligation under the Bond.

## A THIRD DEFENSE

21. Turner has waived its claims, in whole or in part.

## A FOURTH DEFENSE

22. Turner's claims are barred by the doctrines of estoppel, laches, and unclean hands.

## A FIFTH DEFENSE

23. Turner breached the Subcontract by, among other things, failing to make payments due and owing to Pile.

24. Therefore, Turner is barred from any recovery under the Bond.

### A SIXTH DEFENSE

25. If Turner has incurred damages, which is denied, such damages were caused in whole, or substantial part, by Turner and/or the EDC without contribution by Federal or its principal.

### A SEVENTH DEFENSE

26. Turner released Federal from any obligation owed to it.

### AN EIGHTH DEFENSE

27. Turner irrevocably renounced any interest in the Bond, thus discharging any obligation on the part of Federal under the Bond.

WHEREFORE, plaintiff Federal Insurance Company demands judgment dismissing the counterclaims of defendant Turner Construction Company, together with the costs and disbursements of this action.

Dated:  New York, New York
        July 14, 2008

SCHNADER HARRISON SEGAL & LEWIS, LLP

By: _____
Scott D. St. Marie (SS-1109)
Theodore L. Hecht (TH-5497)
Cynthia A. Murray (CM-8900)
Attorneys for Plaintiff
   Federal Insurance Company
140 Broadway, 31st Floor
New York, New York 10005
Tel. No.: (212) 973-8000
Fax No.: (212) 972-8798
E-mail: sst.marie@schnader.com
E-mail: thecht@schnader.com

4

TO:

Howard M. Rosen (HR-9443)
David Fultz (DF-7233)
PECKAR & ABRAMSON, P.C.
Attorneys for Defendant - Turner Construction Company
41 Madison Avenue, 20th Floor
New York, New York 10010
Tel. No.: (212) 382-0909
Fax No.: (212) 382-3456
E-mail: hrosen@pecklaw.com
E-mail: dfultz@pecklaw.com