Scott D. St. Marie (SS-1109)
Theodore L. Hecht (TH-5497)
Cynthia A. Murray (CM-5900)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
Tel. No.: (212) 973-8000
Fax No.: (212) 972-8798
E-mail: sst.marie@schnader.com
E-mail: thecht@schnader.com
E-mail: cmurray@schnader.com
*Attorneys for Plaintiff - Federal Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | |
| Plaintiff, | 07-CV-11095 (JFK) (THK) |
| - against - | **REPLY TO INTERVENOR'S COUNTERCLAIMS** |
| TURNER CONSTRUCTION COMPANY, | ECF CASE |
| Defendant. | |
| -and- | |
| NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, as Assignee of Turner Construction Company, | |
| Intervenor-Defendant. | |

------------------------------------------------------------X

Plaintiff, Federal Insurance Company ("Federal"), by its attorneys, Schnader Harrison Segal & Lewis LLP, as and for its reply to the counterclaims of Intervenor-Defendant,

New York City Economic Development Corporation ("EDC") contained in EDC's Answer and Counterclaims dated July 24, 2008, alleges as follows:

1. Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph 38.

2. Admits the allegations set forth in paragraph 39.

3. Admits the allegations set forth in paragraph 40.

4. Paragraph 41 alleges a conclusion of law to which no response is required and which issue is referable to the Court, but to the extent that the paragraph alleges facts concerning citizenship, upon information and belief, believes the allegations to be true.

5. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 42, but asserts, upon information and belief, that a written agreement was entered into between Turner Construction Co. ("Turner") and EDC, and refers to the agreement for its date, terms, conditions, and contents.

6. Denies the allegations in paragraph 43, except admits that a Subcontract ("the Subcontract") was entered into and refers to the Subcontract for its terms, conditions, and contents.

7. Denies the allegations in paragraph 44, but admits a performance bond ("the Bond") was issued and refers to the Bond for its terms, conditions, and contents.

8. Denies the allegations in paragraph 45.

9. Denies the allegations in paragraph 46.

10. Denies the allegations in paragraph 47.

11. Denies the allegations in paragraph 48.

12. Denies the allegations in paragraph 49, except admits that Turner subsequently demanded that Federal perform under the Bond.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 50.

14. Denies the allegations in paragraph 51.

15. Denies the allegations in paragraph 52.

16. Denies the allegations in paragraph 53, except admits that Federal's obligations under the Bond have been discharged and that Turner's termination of the Subcontract was improper.

17. Paragraph 54 asserts a conclusion of law to which no response is required, but to the extent that it makes factual allegations, denies the allegations.

18. In response to paragraph 55, Federal repeats its responses to paragraphs 38 through 54 with the same force and effect as if set forth at length.

19. Denies the allegations in paragraph 56.

20. Denies the allegations in paragraph 57.

## A FIRST DEFENSE

21. EDC is not properly an intervenor nor is it properly named as a defendant in this action because the claims in the complaint are not asserted against EDC.

22. Accordingly, the EDC's allegations and defenses in response to the complaint are a nullity.

## A SECOND DEFENSE

23. EDC is not in privity of contract with Federal.

24. EDC's claims are barred by the economic loss doctrine.

### A THIRD DEFENSE

25. EDC has neither standing nor capacity to assert claims against Federal.

### A FOURTH DEFENSE

26. EDC fails to state a claim upon which relief could be granted.

### A FIFTH DEFENSE

27. EDC has no proper legal interest to assert against Federal.

### A SIXTH DEFENSE

28. Assuming *arguendo* that Turner's rights under the Bond were both assignable and properly assigned to EDC, which Federal denies, EDC could only acquire such rights and claims Turner lawfully had under the Bond.

29. Federal incorporates by this reference all of the affirmative defenses asserted in its May 7, 2008 Reply to Turner's Counterclaims.

30. Turner had no rights or claims against Federal under the Bond.

### A SEVENTH DEFENSE

31. Turner's assignment operated to discharge Federal from any obligation under the Bond.

WHEREFORE, plaintiff Federal Insurance Company demands judgment dismissing the answer and counterclaims of intervenor-defendant New York City Economic Development Corporation, together with the costs and disbursements of this action.

Dated:   New York, New York
         August 6, 2008

    SCHNADER HARRISON SEGAL & LEWIS, LLP

By: _____
    Scott D. St. Marie (SS-1109)
    Theodore L. Hecht (TH-5497)
    Cynthia A. Murray (CM-8900)
    Attorneys for Plaintiff
      Federal Insurance Company
    140 Broadway, Suite 3100
    New York, New York 10005
    Tel. No.: (212) 973-8000
    Fax No.: (212) 972-8798
    E-mail: sst.marie@schnader.com
    E-mail: thecht@schnader.com
    E-mail: cmurray@schnader.com

TO:

Howard M. Rosen (HR-9443)
David Fultz (DF-7233)
PECKAR & ABRAMSON, P.C.
*Attorneys for Defendant - Turner Construction Company*
41 Madison Avenue, 20th Floor
New York, New York 10010
Tel. No.: (212) 382-0909
Fax No.: (212) 382-3456
E-mail: hrosen@pecklaw.com
E-mail: dfultz@pecklaw.com

Todd A. Krichmar (TK-0524)
Steven C. Brown (SB-1899)
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorneys for Intervenor Defendant – New York*
  *City Economic Development Corporation*
100 Church Street, Room 3-122
New York, New York 10007
Tel. No.: (212) 788-1004
Fax No.: (212) 788-1915
E-mail: tkrichmar@law.nyc.gov
E-mail: stbrown@law.nyc.gov